Filing # 191756455 E-Filed 02/12/2024 01:35:37 PM

Case Number: 24-001198-SC

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| PAULA RAMBO, | Case Number: |
| *Plaintiff,* | |
| v. | Ad damnum: $1000 + attorneys' fees and costs |
| MICROBILT CORPORATION, | **JURY TRIAL DEMANDED** |
| *Defendant* | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Paula Rambo** ("**Ms. Rambo**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **MicroBilt Corporation** ("**MicroBilt**") stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Rambo against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Section 34.01, Florida Statutes.

3. The Defendant is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Pinellas County, Florida, pursuant to Section 47.051 Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Pinellas County.



EXHIBIT "A"

***ELECTRONICALLY FILED 02/13/2024 09:25:44 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## PARTIES

### Ms. Rambo

5.　**Ms. Rambo** is a natural person who resides in the Palm Harbor, Pinellas County, Florida, and a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### MicroBilt

6.　**MicroBilt** is a Delaware corporation, with a primary business address of **100 Canal Pointe Blvd., Princeton, NJ 08540.**

7.　MicroBilt is registered to conduct business in the State of Florida, where its Registered Agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

8.　MicroBilt is a *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, or on a cooperative nonprofit basis, they regularly engage in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, while using means of interstate commerce, specifically the U.S. mail and internet, for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

### MicroBilt

9.　MicroBilt is an alternative CRA - in contrast with Experian, Trans Union, and Equifax - which provides reports to a wide number of lenders and financial institutions,

ranging from state-chartered banking institutions to illegally operating online payday lenders, some of whom charge interest rates in excess of 1000% annually.

10. On or about February 8, 2023, MicroBilt requested a credit report regarding Ms. Rambo from Experian. Experian maintained a record of these inquiries, as such:

| Account name | Date of request(s) |
|---|---|
| MICROBILT | 01/05/2023 |
| 1640 AIRPORT RD NW STE 115<br>KENNESAW, GA 30144<br>No phone number available | Comments<br>On behalf of CCC0160755 for 30 |

11. MicroBilt stated its inquiry was on behalf of "CCC0160755.

12. A Google search for "CCC0160755" on December 4, 2023 results in zero hits of any kind:

About 0 results (0.15 seconds)

Your search - "CCC0160755" - did not match any documents.

13. Thus, "CCC0160755" was not the true name of the person or entity for whom the report was obtained on behalf of.

14. MicroBilt is not a consumer lender or in any way engaged in the making of loans to consumers itself.

15. Ms. Rambo never applied for any credit, employment, or insurance with MicroBilt, nor did she interact with MicroBilt in any way which could have potentially created a permissible purpose pursuant to the FCRA for MicroBilt to obtain her credit report for its own (e.g., non-resale) purposes.

16. Moreover, logically, since no company called "CCC0160755" exists, it would not be possible to request a credit report on behalf of this purported third party.

17. MicroBilt was required to have a permissible purpose to obtain Ms. Rambo's CBR, which contained highly personal, sensitive and private financial data. *See 15 U.S.C. § 1681b(f).*

18. No conceivable permissible purpose existed for MicroBilt to obtain reports, concerning Ms. Rambo *for its own use*.

19. The FCRA requires not only certification of the permissible purpose but certification to the CRA that the reports furnished will be used for no other purpose than the purposes certified.

20. The FCRA, at 15 U.S.C. §§ 1681e(e)(1)(A) and 1681e(e)(2)(A)(i), requires that any person who procures a consumer report for purposes of reselling the report – **or any information in the report** – must disclose to the CRA the identity of the *End User* of the information. (**Emphasis added.**)

21. "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

22. As no company exists called "CCC0160755," nor is it an assumed name or trade name used to conduct business, MicroBilt willfully failed to comply with the requirements of 15 U.S.C. §§ 1681e(e)(1)(A) and 1681e(e)(2)(A)(i) which requires the name of the person or the trade name of the business written in full to be provided to Experian when requesting Plaintiff's credit report.

23. When a CRA is informed that a request for a report is made on behalf of a third-party, the record of the inquiry indicates both the name of the entity requesting the report *and* the name of the entity for whom it was requested.

24. Assuming, *arguendo*, that MicroBilt obtained the information to incorporate into a report which it was re-selling to some unknown end-user it refers to as "CCC0160755" then it violated the FCRA at 1681e(e)(1)(A) and 1681e(e)(2)(A)(i) since it failed to disclose the end-user(s) of the report using the end-user's trade name, written in full.

25. Pursuant to the FCRA, no permissible purpose exists for an entity to obtain a credit report if that entity has no connection with the consumer, is not collecting a debt resulting from a credit transaction with the consumer, and has no other connection to the consumer other than being asked to obtain it, unless such entity is a reseller of reports – in which case it is required to disclose the identity of the party on whose behalf it is acting.

26. Ms. Rambo has been damaged in that her confidential information has been obtained by an unknown person or entity; likewise, as the result of MicroBilt's failure to disclose the end-user of its reports, Ms. Rambo was deprived of knowing who obtained her confidential information.

27. The failure of a person to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the

defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

28. Further, upon learning that MicroBilt obtained her credit report, Ms. Rambo suffered severe emotional distress and anxiety regarding the fact that an unknown and perhaps nefarious entity may have purchased her information from MicroBilt.

29. Upon information and belief, MicroBilt obtains thousands of reports from Experian every month. In many requests for CBRs on consumers, MicroBilt claims that MicroBilt itself is the end-user of the report when it is not, or it supplies some shorthand gobbledygook which is indecipherable to the consumer.

30. MicroBilt has been sued in the past for violating this very same subsection of the FCRA for not disclosing the name of the end-user it was obtaining information on behalf of, but has yet to take any corrective action. See, e.g., *Thomas Redmond vs. Experian Information Solutions and MicroBilt Corporation*, Case 8:21-cv-00117, M.D. Fla., January 14, 2021 (obtaining two reports from Experian and falsely disclosing "Microbilt" as the purported end user in both).

31. Ms. Rambo has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FCRA

32. Ms. Rambo adopts and incorporates paragraphs 1 – 31 herein.

33. MicroBilt violated **15 U.S.C. § 1681e(e)(1)(A)**, when it, either willfully and intentionally or recklessly and without regard for a consumer's rights, requested a credit

report regarding Ms. Rambo for the purpose of reselling the report, without identifying the end-user of the report, instead falsely claiming that "CCC0160755" –was the end-user.

34. MicroBilt's actions and omissions were willful and intentional, as it knew of its duty to disclose the name of the entity for which it was requesting the reports, and it intentionally failed to disclose this information, substituting gibberish instead.

35. As a result, MicroBilt is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Rambo's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

36. Alternatively, MicroBilt's conduct was negligent, and MicroBilt is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Rambo's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Rambo respectfully requests this Honorable Court to enter judgment against MicroBilt as follows:

a. The greater of statutory damages of $1,000.00 per incident or Ms. Rambo's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Ms. Rambo's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Rambo hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 13, 2024,** by:

**SERAPH LEGAL, P.A.**

*/s/Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar # 1045392
FGulen@SeraphLegal.Com
Bryan J. Geiger, Esq.
Florida Bar #119168
BGeiger@SeraphLegal.Com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
T: (813) 567-1230
F: 855-500-0705
Counsel for Plaintiff

# EXHIBIT A
## Plaintiff's Experian Consumer Disclosure, November 29, 2023, Inquiries Excerpt

11/29/23, 1:31 PM      Experian - Access your credit report

**CREDIT CONTROL, LLC**      01/12/2023

5757 PHANTOM DR STE 330
HAZELWOOD, MO 63042
314 442 7400

**Account name**
CLARITY/CCBANK-TLS-LENDL

3280 N UNIVERSITY AVE
PROVO, UT 84604
No phone number available

**Date of request(s)**
01/05/2023

**Account name**
CLARITY/CCBANK-TLS-LENDL

3280 N UNIVERSITY AVE
PROVO, UT 84604
No phone number available

**Date of request(s)**
01/05/2023

**Account name**
CLARITY/NIIZHWAASWI

597 PEACE PIPE RD
LAC DU FLAMBEAU, WI 54538
No phone number available

**Date of request(s)**
01/05/2023

**Account name**
CLARITY/NIIZHWAASWI

597 PEACE PIPE RD
LAC DU FLAMBEAU, WI 54538
No phone number available

**Date of request(s)**
01/05/2023

**Account name**
MICROBILT

1640 AIRPORT RD NW STE 115
KENNESAW, GA 30144
No phone number available

**Date of request(s)**
01/05/2023

**Comments**
On behalf of CCC0160755 for 30

**Account name**
QUINSTREET/GUIDE TO LEND

950 TOWER LN FL 6
FOSTER CITY, CA 94404
No phone number available

**Date of request(s)**
01/05/2023

### Important messages

**Medical Information**
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others they display only as "MEDICAL PAYMENT DATA." Consumer statements included on your report at your request that contain medical information are disclosed to others.

**Public Records Information**
If your report contains public records, the Public Records section includes items from courts that Experian may have obtained through a third party vendor, LexisNexis Risk Data Management Inc. You may contact them at LexisNexis Consumer Center, PO Box 105615, Atlanta, GA 30348-5108, or visit https://experianconsumers.lexisnexis.com.

### Know your rights

about:blank      19/21